IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES ALBRIGHT | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-420 |
| KATHRYN BRANCH, *et al.,* | § § § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, James Albright, a detainee at the Jefferson County Correctional Facility, proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Kathryn Branch, Probation Officer, Judge Raquel West, Judge FNU Stevens, Judge FNU Walker, and the Jefferson County Jail.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Background

Plaintiff filed this complaint on August 12, 2021 (doc. # 1). Plaintiff's complaints are hard to discern despite amendments (doc. #s 9 & 14). It appears that Plaintiff's chief complaint revolves around the revocation of his probation. Plaintiff alleges that in April through November of 2020, Defendant Branch, as his probation officer, and Judge West, as the presiding judge, modified the conditions of his probation without his knowledge. Plaintiff alleges, in doing so, the Defendants violated procedure and his constitutional rights. Plaintiff also alleges Defendant Judge Stevens, sitting in for Judge West, somehow delayed two preliminary hearings. Plaintiff contends further that in July 2021, Defendant Judge Walters, sitting in for Judge Stevens, revoked his probation when he should have held a preliminary hearing. For relief, Plaintiff asks that this court order his RV and belongings be replaced. It appears Plaintiff's RV was impounded and his belongings were destroyed

due to his alleged unlawful detention.

## Analysis

*Heck Bar*

Plaintiff's suit in effect challenges his supervision by the Jefferson County Probation Department and the revocation of his probation. More specifically, Plaintiff asserts that but for the wrongful conduct of the Defendants, his probation would not have been revoked. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has no federal civil rights action for the revocation of his probation or his current custody until the revocation of his probation and his custody are declared unlawful in the criminal proceedings.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court explained as follows:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated.

Because Plaintiff's allegations imply the invalidity of his probation revocation and because his probation revocation and custody have not been declared unlawful in the criminal proceedings, his civil rights action is barred by *Heck*. *See Cougle v. County of Desoto, Mississippi*, 303 F. App'x 164 (5th Cir. 2008); *McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158, 160-61 (5th Cir. 1995).

The *Heck* rule also applies to claims for declaratory and injunctive relief if a favorable judgment would "necessarily imply" the invalidity of the prisoner's "conviction" in the proceeding. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *see also Wilkinson v. Dotson*, 544 U.S. 74,

81-82 (2005) (noting that *Heck* and *Balisok* "taken together, indicate that a . . . prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). *See also Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998).

A monetary judgment or equitable relief in favor of Plaintiff on the claims asserted herein would necessarily implicate and call into question the validity of Plaintiff's probation revocation and the punishment imposed therein. Plaintiff has failed to demonstrate that a proceeding relating to the duration of his confinement has already been invalidated. Accordingly, to the extent Plaintiff asserts claims for damages, they are barred by *Heck* and are not cognizable under 42 U.S.C. § 1983 at this time. These claims must be dismissed with prejudice for failure to state a cognizable claim. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met"). Pursuant to the *Younger* abstention doctrine, this court should abstain from exercising jurisdiction over Plaintiff's claims for injunctive relief and they should be dismissed without prejudice. *Id*. at 424 (citing *Alexander v. Ieyoub*, 62 F.3d 709 (5th Cir. 1995)).

*Absolute Immunity*

Plaintiff's claims against Defendants Judge West, Stevens and Walters are barred by sovereign immunity as judges enjoy absolute judicial immunity from liability and suits for damages arising out of the performance of their judicial duties. *Price v. United States*, 823 F. App'x 276, 276 (5th Cir. 2020) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)); *see also Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983) ("A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any act performed in a judicial role."). "This protection is not limited to immunity from damages, but extends to actions for declaratory, injunctive, and other equitable relief." *Evans v. Suter*, No. H-07-1557, 2007 WL 1888308, at *3 (S.D. Tex. June 29, 2007), *aff'd*, 260 F. App'x 726 (5th Cir. 2007).

The conduct complained of clearly falls within the judicial capacity and cannot serve as a basis for Plaintiff's claims against Defendants Judge West, Stevens and Walters. Accordingly, Plaintiff's claims against them should be dismissed as frivolous and for failure to state a claim.

## Recommendation

Plaintiff's complaints against Defendants Judge West, Stevens and Walters should be dismissed with prejudice as they are entitled to absolute immunity. To the extent Plaintiff seeks money damages, Plaintiff's complaints regarding the revocation of his probation should be dismissed with prejudice subject to reassertion if the requirements of *Heck v. Humphrey* are met. This court will abstain from asserting jurisdiction over Plaintiff's claims for injunctive relief and those claims are dismissed without prejudice. If Plaintiff's intent was to file a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, he is free to do so.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 4th day of October, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE